IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF WEST VIRGINIA

**ANTHONY BARRETT**

    **Plaintiff,**

v.

**UNITED STATES OF AMERICA**

    **Defendant.**

Civil Action No. 5:14-CV-10
(Judge Stamp)

## REPORT AND RECOMMENDATION

### I. Procedural History

On January 23, 2014, the *pro se* plaintiff, a federal prisoner, initiated this case by filing a Federal Torts Claim Act ("FTCA") complaint concerning personal property that was lost on March 30, 2013. This case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a government entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal

fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Neitzke at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. The Complaint

In the complaint, the plaintiff asserts that on March 30, 2013, he and his cell mate, Jermaine Pugh, were escorted to the lieutenant's office at United States Penitentiary, Hazelton, West Virginia. The plaintiff states that the unit officer failed to secure his property in the cell, and as a result, the plaintiff lost all his personal property. On June 7, 2013, the plaintiff filed an administrative claim with the Bureau of Prisons under 31 U.S.C. § 3723, *Small Claims for Property Damage or Loss*, seeking $779.30 in reimbursement from the loss of his property. The Bureau of Prisons did not compensate the plaintiff for his loss, and on January 23, 2014, the plaintiff filed this lawsuit.

### IV. Analysis

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Despite this limited waiver, FTCA § 2680(c) expressly preserves sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(c)

(2006)(emphasis added). In 2008, the United States Supreme Court determined that this exception preserves sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008).[1] Thus, FTCA actions involving the detention or mishandling of personal property by prison officials are subject to dismissal. *See* Perkins v. Deboo, 2009 WL 1650443 (N.D.W.Va. June 11, 2009)(plaintiff's FTCA claim seeking reimbursement for loss of personal property dismissed based upon Section 2680(c)); Mathis v. U.S., 2008 WL 2922798 (D.S.C. July 24, 2008)(plaintiff's FTCA claim that prison officials were negligent in transferring his personal property was dismissed upon Section 2680(c)); Wadley v. Warden, 2008 WL 2455455 (W.D.Va. June 16, 2008)(FTCA claim that prison officials were negligent in seizing and destroying his tennis shoes was dismissed based upon Section 2680(c)). Accordingly, this Court does not have jurisdiction to entertain the plaintiff's tort claim and that claim should be dismissed with prejudice.

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

Within fourteen (14) days after being served a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and basis for such objections. A copy of any objections

---

[1]In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia, to USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharging Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

3

shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July //, 2014

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE