IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY C. BARRETT,

    Plaintiff,

v.                                    Civil Action No. 5:14CV10
                                                (STAMP)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION;
GRANTING DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; AND
DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I.  Procedural History

On January 23, 2014, the plaintiff initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., alleging that while incarcerated at USP Hazelton in March 2013, his personal property was stolen. The plaintiff argues that the loss of personal property occurred because a correctional officer failed to secure his property in the plaintiff's cell after escorting the plaintiff and his cell mate to the correctional officer's office. He claims an amount of damages of $779.30.

Pursuant to Local Rule of Prisoner Litigation 2, this case was referred to John S. Kaull, United States Magistrate Judge, for initial review and report and recommendation. After the case was referred, the plaintiff filed a motion for default judgment

asserting that the government was in default because it had not answered the plaintiff's complaint within 60 days of its filing. Magistrate Judge Kaull then conducted an initial review of the complaint and determined that summary dismissal was not warranted at that time. The magistrate judge then ordered the government to respond to the plaintiff's complaint and directed the Clerk of Court to issue a 60 days summons for the Office of the United States Attorney for the Northern District of West Virginia and the Office of the Attorney General of the United States.

The United States then filed a motion to dismiss the plaintiff's complaint, or in the alternative, for summary judgment. In its motion, the government argues that the plaintiff's complaint must be dismissed because a claim for the detention of goods is an exemption to the waiver of sovereign immunity under the FTCA. The government contends that this exemption includes the negligent and intentional handling and storage of detained property by law enforcement officers, which include Federal Bureau of Prison ("BOP") officers.

A Roseboro[1] notice was issued and the plaintiff filed a response to the United States' motion to dismiss. In response, the plaintiff argues that inmates are instructed to file FTCA claims

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

when personal property is lost due to negligence.  Further, he contends that under a standard of reasonable care applicable to these cases, the correctional officer did not act reasonably by leaving his personal property unsecured.

Magistrate Judge Kaull then entered a report and recommendation recommending that this Court dismiss the plaintiff's claim. The magistrate judge found that this Court lacked jurisdiction to hear the plaintiff's claim because the loss of personal property detained by a BOP officer is an exempted FTCA claim.  The plaintiff filed objections to the report and recommendation.  The plaintiff reiterates the arguments he made in his response to the government's motion to dismiss.

For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because objections have been filed in this case, this Court will undertake a <u>de novo</u> review.

## III.  Discussion

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." <u>Medina v. United States</u>,

259 F.3d 220, 223 (4th Cir. 2001). However, the FTCA bars, through sovereign immunity, "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). This exception has been expanded to include BOP employees. <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214 (2008). Accordingly, this Court lacks jurisdiction to hear the plaintiff's claim.

Further, the plaintiff's motion for default judgment must be denied as moot as this Court lacks jurisdiction to hear the underlying claim for which the plaintiff is seeking relief. Moreover, even if the defendant's answer was served beyond the 60 days, Rule 55(d) provides a default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfied the court. As evidenced by the analysis above, the plaintiff has not done so.

## IV. <u>Conclusion</u>

For the reasons set forth above, this Court, after a <u>de novo</u> review, AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendant's motion to dismiss is GRANTED and the plaintiff's objections are OVERRULED. The plaintiff's complaint is thus DISMISSED WITH PREJUDICE. Further, the plaintiff's motion for default judgment

(ECF No. 11) is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, she is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 19, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE